CHARLES P. ROBINSON *et al. vs.* ELLEN M. GREENE *et als.*

A testator directed in his will : —

"Whenever the youngest child of any daughter in being at my decease shall have reached the age of twenty-one years, then my said trustees are to divide, distribute, and convey said property."

*Held*, from indications found in other parts of the will, that the words "in being" referred to "child," and not to "daughter."

BILL IN EQUITY for instructions brought by the trustees under the will of Rufus Greene. The will is printed at length, 14 R. I. 181 *sq.*, in the report of a former suit for construction and instructions.

*July* 2, 1892. PER CURIAM. The trustees under the will of Rufus Greene, deceased, ask for instructions as to the time of the division of the estate referred to in the following clause of the will: [1] " Whenever the youngest child of any daughter in being at my decease shall have reached the age of twenty-one years, then my said trustees are to divide, distribute, and convey said property." Upon one side, it is claimed that the clause points to the time when the youngest child of any daughter of the testator who may survive him shall arrive at the age of twenty-one, thus postponing the division until the majority of his youngest possible grandchild on the daughter's side. On the other side, it is claimed that the words " in being" relate to " child" and not to " daughter," and so the time for division is the time when such youngest grandchild, in being at his decease, reaches the age of twenty-one. In favor of the former construction, it is urged that the testator evidently sought to postpone the division of the estate given to his daughters to the latest possible time the law allows, thus assuring to them its income while the principal was beyond their control; and that he could not have intended the time of division to be when some grandchild then living arrived at the age of twenty-one, or within twenty years of his own decease.

The clause in itself is ambiguous; but if only the words quoted above were to be considered, there would be much weight in the argument made in behalf of the daughters. But there are other provisions in the will which are not ambiguous, and this clause must therefore be construed in connection with them. It is clear that he did not mean to postpone the division to the limit of a perpetuity, for what follows in the very clause in question provides for a division among living daughters. The time in his mind was a time when some of the daughters might be alive, for he uses the plural number. If we say the words " in being " refer to " any daughter," then the time of division would not come until every

[1] See 14 R. I. 184.

living daughter has passed the possibility of childbirth, and the youngest grandchild has reached its majority. In such a case, the testator would hardly have contemplated a division among his daughters. While this might be possible, the clause seems rather to indicate a time when he might more reasonably expect some of his daughters to be alive. But there are also other indications that the time intended is not so remote as is claimed by the daughters. The will gave the gross rental of certain specified real estate to the several daughters, and directed the trustees to keep the real estate in repair out of the income of the personal estate, which they were to hold in trust for the sons. Obviously he intended that the division of the daughters' portion should occur before the trust for the sons should fall in, for otherwise they would have no property in their hands with which to support the trust. But under the construction contended for by the daughters this might happen.

The trust is to cease when the youngest child of the youngest son shall reach the age of twenty-one years.

The youngest daughter at the date of the will was twenty-six years old, and the youngest son about one year old. In case of the marriage and birth of a child to this son at an early age, and the birth of a child to the daughter late in life, the son's child might attain majority before the daughter's, and so terminate the trust before the time contended for by the daughters, leaving their part of the trust without a fund to support it. There might be a wider margin of the time in case of the death of the younger sons without issue, and the coming of age of children of elder sons. It is very evident that such a result was not contemplated by the testator, but, on the contrary, he looked to the falling in of the trust for the daughters before that of the sons. The fact that such a result is not now probable, as things have happened, does not affect the question of his intention at the time of the will. It is not reasonable to suppose that he intended to direct his trustees to hold real estate subject to repairs, insurance, and taxes from personal estate after a time when they would be required to pay out the personal estate under other provisions of the will. The possibility of this indicates an earlier time in his mind as the time of distribution. Such earlier time, under the language of the will,

can only be the time when the " youngest child in being " at his decease reaches the age of twenty-one years, which time has now been reached. The question is not free from difficulty, and, as in all cases of doubtful expression, we cannot feel entirely satisfied that we have probed the true intent of the testator; nevertheless, taking the whole will and the considerations stated above, we feel constrained to hold that the words " in being " refer to " child " and not to " daughter," as used in the clause of the will in question.

*Charles P. Robinson,* for complainants.

*Thomas C. Greene, Joseph C. Ely, John F. Lonsdale & George L. Cheney,* for different respondents.